# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| TREVON S. BARCUS, ) | |
| ) | Case No. 3:20-cv-115 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Debra C. Poplin |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 (Doc. 2) and related motion for leave to proceed *in forma pauperis* (Doc. 1). The Court will address Plaintiff's motion before screening the complaint in compliance with the Prison Litigation Reform Act ("PLRA").

## I.     MOTION TO PROCEED *IN FORMA PAUPERIS*

A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 1) will be **GRANTED**.

Because Plaintiff is an inmate in the Knox County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period

preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A), (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2), 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Plaintiff's Allegations

Plaintiff was convicted of a criminal offense in 2010 and was, as a result, placed on community supervision for life. (Doc. 2, at 3–4.) He contends that the Tennessee Department of Correction ("TDOC") has the authority to monitor the program and modify its rules and guidelines, which gives TDOC the authority to make a violation of its rules a new criminal offense. (*Id.*) Plaintiff contends that these rules and guidelines violate constitutional guarantees as "burdensome and excessive." (*Id*. at 4.) He also alleges that TDOC "should not have the authority to determine what behavior constitutes a criminal offense" and asks the Court, therefore, to order his release from community supervision for life. (*Id*. at 4-5.)

### C. Analysis

Plaintiff does not identify his 2010 crime of conviction, but a review of the felony offender information available on TDOC's website demonstrates that he was convicted of

3

attempted aggravated sexual battery in 2010. *See* https://apps.tn.gov/foil-app/details.jsp (search by name) (last accessed April 10, 2020). Tennessee law requires any person convicted of such an offense, *see* Tenn. Code Ann. § 39-13-504, to "receive a sentence of community supervision for life." Tenn. Code Ann. § 39-13-524(a).

Based on a review of Plaintiff's current incarceration and information on the Knox County Sheriff's Office website, Plaintiff's current incarceration appears to stem from a violation of his community supervision conditions. *See, e.g.*, https://sheriff.knoxcountytn.gov/inmate.php (search name) (last accessed April 10, 2020).

The Court construes Plaintiff's allegations to assert that community supervision violates his rights to due process and constitutes cruel and unusual punishment.

1. **Due process**

Plaintiff appears to argue that, because the conditions of community supervision are not statutorily mandated, the conditions are vague and act to deny him of his right to liberty without due process of law. Under Tennessee law, TDOC's division of probation and parole has jurisdiction over the person under community supervision and is authorized "to establish such conditions of community supervision as are necessary to protect the public from the person committing a new sex offense, as well as promoting the rehabilitation of the person." Tenn. Code Ann. § 39-13-524(d)(1). The legislature has also mandated penalties for the violation of community supervision based upon whether the violation constituted a criminal offense and, if so, whether the conduct constitutes a criminal misdemeanor or felony. Tenn. Code Ann. § 39-13-526. This Court has expressly considered an allegation that the discretion afforded to TDOC violates due process and has determined that the enacted conditions of community supervision are not vague. *See Daniel v. Bredesen*, No. 3:07-CV-175, 2008 WL 901506, at *4 (E.D. Tenn.

Mar. 31, 2008). Accordingly, this claim fails to state a constitutional claim and must be dismissed.

### 2. Cruel and unusual punishment

Plaintiff also maintains that the community supervision conditions to which he is subject are burdensome and excessive. The Court construes this allegation to assert a claim that the conditions violate the Eighth Amendment's prohibition against cruel and unusual punishment. Typically, the Eighth Amendment is violated if a prison official acts with deliberate indifference to expose an inmate to a substantial risk of harm. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff has not made any factual allegations that would allow the Court to infer that his community supervision exposed him to, or resulted in, a substantial risk of harm to him. Accordingly, this allegation fails to state a claim. *See Iqbal*, 556 U.S. at 678 (holding conclusory allegations fail to state a constitutional claim).

### 3. Requested relief

Finally, the Court notes that the only relief requested in Plaintiff's complaint is "release from community supervision for life." (Doc. 2, at 5.) However, a § 1983 lawsuit is not the vehicle by which an inmate may seek relief from a criminal judgment. Such relief, if granted, must be granted through a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding inmate alleging entitlement to speedier release must pursue such relief through habeas action). Accordingly, Plaintiff cannot obtain relief in this lawsuit.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

5

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

> **/s/** *Travis R. McDonough*
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**